THE STATE v. CLIFTON, *Appellant.*

1. **Practice, Criminal**: GRAND JURY. Objections to the constitution of the grand jury come too late when made for the first time after verdict.

2. ———: SHERIFF. It is no ground of exception that the record does not show that the sheriff and his deputies took the oath prescribed by law before summoning the grand or petit jury.

*Appeal from Webster Circuit Court.*—HON. R. W. FYAN, Judge.

AFFIRMED.

*D. H. McIntyre*, Attorney General, for the State.

NORTON, J.—Defendant was indicted at the September term, 1877, of the Webster county circuit court, for a felonious assault with a deadly weapon upon one Lee, with intent to do him great bodily harm. He was found guilty of the offense charged, and his punishment assessed at a

fine of $100. His case is here on appeal, and there being neither assignment of errors nor brief of counsel in the case, we are to look to the motion for new trial and in arrest for grounds of error. It is claimed in these motions that the indictment is insufficient, that the defendant was not arraigned, that neither the grand nor petit jury were properly constituted, and that the court erred in giving and refusing instructions.

The record, in an entry at length, shows the arraignment of defendant before trial.

The objection made to the grand jury comes too late after verdict. *State v. Smallwood*, 68 Mo. 192.

Nor is it ground of exception that the record does not show that the sheriff and his deputies took the oath prescribed before summoning the grand or petit jury. *State v. Hart*, 66 Mo. 208.

We find no valid objection to the indictment; it was founded on section 321, Wagner's Statutes, 449, and it clearly charges the offense therein defined.

The instructions that were given fairly presented the law of the case, and those that were refused were properly refused. Perceiving no error in the record nor in the trial of the cause, the judgment is affirmed. All concur.