STATE of Missouri, Respondent,

v.

John William ROBERTS, Appellant.

No. 44119.

Supreme Court of Missouri.

Division No. 2.

Nov. 8, 1954.

fixed at five years' imprisonment in the State Penitentiary. From the judgment entered, an appeal was taken to this court.

The only point preserved for review pertains to remarks made by the trial court to the jury after the jury had deliberated on reaching a verdict. A brief outline of the evidence will be sufficient.

The evidence of the State. and that introduced by the defendant showed the following to have occurred: On Sunday, August 16, 1953, the defendant, the prosecuting witness, and others gathered at the home of Erther Pitts where they spent most of the day visiting, playing cards, and drinking. A number of the men went home before midnight. The defendant Roberts, James Davis, the prosecuting witness Jack Thorpe, Heathel Carter, and Frank (Pappy) Williams remained after midnight. The defendant Roberts and James Davis purchased coffee, whisky, and beer at some places of business nearby soon after midnight. Thorpe contributed some of the money for these purchases.

During the course of the evening, Thorpe had displayed some money while offering to bet on a ball game. About two o'clock Monday morning, the men began to leave the place. A short time after Thorpe left, he returned to Pitts' place claiming he had been robbed by Davis and the defendant. The robbery was alleged to have taken place in a garden a short distance from the Pitts place.

A number of witnesses testified they heard Thorpe calling out "You've robbed me." Thorpe testified that there was sufficient light to enable him to recognize the parties who robbed him; that they were the defendant and Davis; that they took $50 from him. The defendant's testimony, corroborated by another witness, was that when he left the group, he went to his room located upstairs in the Pitts home; that some time later, he heard Thorpe state that he (Roberts) had robbed him and he immediately went downstairs and informed Thorpe that he had been in bed upstairs and could not have robbed him.

Don C. Carter, Sturgeon, for appellant.

John M. Dalton, Atty. Gen., Richard R. Nacy, Jr., Asst. Atty. Gen., for respondent.

WESTHUES, Commissioner.

On September 18, 1953, John William Roberts was convicted in the Circuit Court of Randolph County, Missouri, of robbery in the first degree. His punishment was

There was substantial evidence to sustain the verdict of the jury. The jury evidently did not believe the defendant's evidence. Some time after the jury had retired to consider the case, the court inquired if the jurors had reached a verdict; being advised that the jury had not reached an agreement, he sent the jury home for the night. The jury returned the next morning and before the jurors were taken to the jury room, the judge admonished them about the desirability of agreeing on a verdict. Appellant claims the following statements to the jury by the trial judge were prejudicial:

"Gentlemen, it appears that all of the jury is here. I just want to say this to you at this time. It's desirable that there be a verdict in every case. It costs considerable money and time and effort to try any lawsuit and the parties are entitled to have their rights determined once and for all in every case, and the twelve jurors, as I said yesterday, chosen to try this case should be as well qualified to do so as any other twelve that might hereafter be chosen. While I want to make it clear that no juror should ever agree to a verdict that violates the instructions of the court, nor find as a fact that which under the evidence and his conscience he believes to be untrue, yet each of you should respect the opinions of your fellow jurors as you would have them respect yours, and in a spirit of tolerance and understanding endeavor to bring the deliberations of the whole jury to an agreement upon a verdict."

■ We do not find in the remarks of the trial judge any indication as to his views on the merits of the case. No juror could draw the conclusion from the remarks that the trial court was desirous of convicting the defendant. Admonitions of the character as used by the trial court set forth supra have been held to be proper in many cases. State v. Shelby, 333 Mo. 610, 62 S.W.2d 721, loc. cit. 725, 726 (7–9); State v. Bell, Mo., 300 S.W. 504,

loc. cit. 505(3); State v. Pierce, 136 Mo. 34, 37 S.W. 815, loc. cit. 816; 39 Am.Jur. 117, Section 103; 53 Am.Jur. 671, 672, Sections 950, 951, 952.

■ In 85 A.L.R. 1427, Annotation IV, we find the general rule stated as follows: "In some cases trial judges have been criticized, and in others reversed, because they impressed on the jury the importance of coming to an agreement. However, the general rule is that the trial court may detail to the jury the ills attendant on a disagreement, the expense, the length of time it has taken to try the case, the length of time the case has been pending, the number of times the case has been tried, and that the case will have to be decided by some jury on the same pleadings and in all probability on the same testimony." Cases from many states (including Missouri) are there cited in support of the rule. See also 109 A.L.R. Annotations, beginning at page 72.

■ In appellant's brief, complaint is made that the trial court erred in permitting the jury to separate after the case had been submitted and to go to their homes and come back the next morning to consider the case further. The record discloses that the defendant did not make any objection to the action of the trial court nor was the point preserved in the motion for new trial. In fact, the matter was first mentioned in the brief filed in this court. The question is not before us for review. In State v. Montgomery, 363 Mo. 459, 251 S.W.2d 654, loc. cit. 656(2), this court (Division I) said: "We have held that in the absence of any objection or exception by the defendant to the separation of the jury it will be presumed that the necessary consent of defendant was given thereto; that defendant's consent to jury separation may be acted or even implied; and that, in *other than capital cases,* 'the act of permitting them (the jury) to separate is a matter of procedure, amounting to an irregularity, which must be taken advantage of by exception.' State v. Brown, 75 Mo. 317; State v. Stanfield, Mo.Sup., 1 S.W.2d 834; State v. Bowman,

Mo.Sup., 12 S.W.2d 51; State v. Kenyon, 343 Mo. 1168, 126 S.W.2d 245."

We have examined the record and find no procedural errors.

The judgment is affirmed.

BOHLING, C., concurs.

BARRETT, C., dissents.

PER CURIAM.

The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court.

LEEDY, Acting P. J., ELLISON, J., and BENNICK and BROADDUS, Special Judges, concur.