STATE of Missouri, Respondent,

v.

Gene ALFORD, Appellant.

No. 40198.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 16, 1979.

Joel B. Eisenstein, Thomas A. Palumbo, St. Charles, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Sam C. Bertolet, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Judge.

Defendant Gene Alford was found guilty of burglarizing a gas station. Under the Second Offender Act the court sentenced him to seven years' imprisonment and he has appealed.

For two reasons, we find nothing has been preserved for review. First, defendant's motion for new trial was filed twelve days after expiration of the ten days' time allowed. Rule 27.20(a), VAMR; *State v. Laden*, 536 S.W.2d 880 [2] (Mo.App. 1976). Second, each of his three points relied on [1] fails to state wherein and why the trial court erred. Rule 84.04(d); *State v. Morrow*, 541 S.W.2d 738 [16] (Mo.App.1976).

On our own motion we have considered each of defendant's three contentions as plain error: (1) While still wearing handcuffs he was briefly and inadvertently seen by the jury. The court told the jury

---

1. "I. It was prejudicial error for the Court to deny defendant's request for a mistrial after the jury had seen defendant in the courtroom in handcuffs.

"II. It was error for the Court to receive as evidence the latent print which was lifted from the rear view mirror of the automobile found in the alley.

"III. It was prejudicial error to deny Defendant's request to discharge his attorney, both prior to trial and again during trial."

this was a mistake and denied a mistrial. We find no abuse of discretion. Compare *State v. Beal*, 470 S.W.2d 509 [8, 9]. (II) It was not prejudicial error to admit evidence of defendant's fingerprint found in an automobile from which his tracks in the snow led to the burglarized gas station. (III) On two occasions, just before and during trial, defendant unsuccessfully sought to discharge his counsel. The trial court correctly found defendant's reasons were both insubstantial and untimely. Compare *Evans v. State*, 467 S.W.2d 920 [3] (Mo.1971), and *State v. Hollins*, 512 S.W.2d 835 [7] (Mo. App.1974). In none of the instances do we find an injustice or miscarriage of justice.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.

