STATE of Missouri, Respondent,

v.

Steve Lee HOWARD, Appellant.

No. 42159.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 3, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 24, 1981.

Application to Transfer Denied
June 8, 1981.

Timonthy Braun, St. Charles, for appellant.

John Ashcroft, Atty. Gen., Paul Robt. Otto, Thomas G. Auffenberg, Asst. Attys. Gen., Jefferson City, Charles E. Bridges, St. Charles, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury under § 559.180, RSMo 1978, of an assault with malice aforethought. The trial court sentenced him under the Second Offender Act, § 556.280, RSMo 1978, to ten years imprisonment. Defendant appeals. We affirm.

The state, through its principal witness, Officer Morie of the St. Charles Police Department, showed the following: On a July night, 1978, Officer Morie was working off-duty at a tavern in St. Charles checking patrons' liquor identifications. Sometime after midnight, Officer Morie saw defendant engaged in an apparently heated discussion with the tavern's "bouncer." Officer Morie walked over and asked defendant to "cool it." Informing defendant that he was a police officer, Officer Morie showed defendant his badge. Defendant then stated that he did not care who Officer Morie was, and threatened to kill him if he did not keep his hands in view. As Officer Morie was putting his badge away, defendant produced a knife, held it to the officer's stomach, and again threatened to kill him if he "tried anything." Shortly thereafter, defendant left the tavern; Officer Morie asked the bouncer to call the police as he went after defendant to effect an arrest. When the officer reached the outer doorway of the tavern, he saw defendant standing to his right, holding a knife. Defendant then attempted to stab Officer Morie and a struggle ensued outside the tavern. Eventually, three more St. Charles police officers arrived at the tavern to assist Officer Morie, and defendant was successfully restrained and handcuffed.

Defendant's evidence was that he pulled the knife inside the tavern, but that he thereafter put it away and left. Shortly after leaving, he was accosted from behind by Officer Morie. Defendant testified that he never pulled his knife while outside of the tavern.

Initially, we note that because defendant's motion for a new trial was not timely filed,[1] none of defendant's points on appeal has been preserved and therefore we have nothing to review. Defendant asks that we consider his points under the plain error rule. We have done so and find no manifest injustice.

Defendant asserts that it was error for the trial court to admit into evidence the

1. Here, the jury returned its verdict on May 31, 1979. Former Rule 27.20(a) (1978) was in effect at the time of trial, and provided that a motion for a new trial "shall be filed . . . within ten days after the return of the verdict. . . ." While defendant's motion for a new trial was therefore due by June 11, 1979, it was not filed until August 6, 1979. Being untimely, the motion preserved nothing for our review. *State v. Alford*, 576 S.W.2d 583, 583 (Mo.App. 1979). Time requirements for filing a motion for new trial are now covered by Rule 29.11, effective since January 1, 1980.

testimony of Officer Morie regarding an assault other than the one with which defendant had been charged. The record reveals that defendant was charged and convicted of an assault with a knife against Officer Morie. This assault occurred *outside* the tavern. As well as testifying to defendant's actions outside the tavern, Officer Morie explained that defendant had threatened to kill him and had held a knife to his stomach while *inside* the tavern.

■ As a general *rule,* evidence of a crime other than the one with which the defendant is charged is not admissible. *State v. King,* 588 S.W.2d 147, 150 (Mo.App. 1979). However, there are many established exceptions to this rule; one is that proof of another crime may be admitted "if the other crime is so linked together in point of time and circumstances with the crime charged that one cannot be fully shown without proving the other, . . . ." *Id.* Under this exception, "the state is permitted to paint a complete and coherent picture of the crime charged and it is not required to sift and separate the evidence and exclude testimony tending to prove the crime for which defendant is not on trial." *Id.* Another established exception is evidence of a separate crime which tends to establish a motive for the charged crime. *See State v. Cheesbrew,* 575 S.W.2d 218, 222 (Mo.App. 1978). The evidence of defendant's actions inside the tavern falls within these two exceptions. It was not error to admit Officer Morie's testimony.

■ Defendant next claims that certain remarks made by the prosecuting attorney in his closing argument were improper. His first complaint relates to remarks discussing defendant's prior convictions.

On both direct and cross-examination, defendant admitted that he had been convicted of several crimes. One of defendant's witnesses, Ron Burton, admitted that he also had been previously convicted of a crime. Two of the instructions given to the jury related to prior offenses. Instruction No. 4 was MAI–CR 3.56, the instruction regarding "impeaching of a witness other than defendant by prior offenses." Instruc-

tion No. 6 was MAI–CR 3.58 dealing with "impeaching of defendant by conviction of 'unrelated crimes' shown solely for purposes of impeaching." Without detailing the prosecutor's comments, a review of his closing argument clearly reveals that his discussion of prior crimes related to credibility.

■ Defendant also alleges that the prosecutor improperly tried to place the burden of proof on defendant by arguing that defendant could have presented other evidence. The allegedly improper remarks occurred when the state objected to a portion of the defense attorney's closing argument. As the defense counsel was arguing that the state "could have done some work and found other witnesses," the prosecuting attorney objected by stating that any additional witnesses were equally available to the defense. The court sustained the objection. We see no reference here to burden of proof. Further, we have examined the rest of the record and find no manifest injustice arising out of any remarks made by the prosecutor during closing argument.

Defendant lastly contends, both through the brief of his counsel and as the sole point in his *pro se* brief, that the court erred in failing to give the jury an instruction on self-defense. At the instruction conference, counsel for defendant agreed with the state that the case would be submitted to the jury on the issue of assault with malice aforethought and assault without malice aforethought, and that neither a common assault instruction nor a self-defense instruction would be given. On appeal, defendant contends that there was sufficient evidence to require the submission of a self-defense instruction.

■ The court is required to give a self-defense instruction if there is evidence to support it regardless of whether defendant requested said instruction, *State v. Sivils,* 589 S.W.2d 617, 618 (Mo.App. 1979). However, such instruction is not required here. Because of defendant's position at the instruction conference, he either waived the giving of the instruction, or invited error. *See State v. Young,* 610 S.W.2d 8

(Mo.App. 1980); *State v. Schulten,* 529 S.W.2d 432, 435 (Mo.App. 1975).

Finding no manifest injustice in this case, we affirm the judgment.

CRIST, P. J., and SNYDER, J., concur.