**STATE of Missouri, Respondent,**

**v.**

**Wayne Earl BILLINGSLEY, Appellant.**

**No. 55576.**

Supreme Court of Missouri,
Division No. 1.

April 12, 1971.

John C. Danforth, Atty. Gen., J. Michael Jarrard, Asst. Atty. Gen., Jefferson City, for respondent.

George T. Sweitzer, Jr., Harrisonville, for appellant.

SEILER, Presiding Judge.

Defendant appeals from a conviction by a jury of assault with intent to commit rape, with a sentence of five years imposed by the court, the second offender act having

been invoked. The charge on which defendant was tried, to quote from the first amended information, was that he "did then and there wilfully, unlawfully and feloniously attempt to make an assault upon one Lou Colvin, a female person of the age of 10 years, and did then and there wilfully, unlawfully and feloniously attempt to rape, ravish and carnally know the said Lou Colvin; contrary to the form of the Statute 559.190 in such cases made and provided * * *."

The case was submitted to the jury under an instruction calling for a finding that defendant "did feloniously and unlawfully assault with intent to rape and carnally know Bonita Lou Colvin * * * then * * * under the age of 16 years * * *" At another point the instruction referred to "the charge of assault with intent to commit rape in the second degree." There was also an instruction on molesting. The jury's verdict was "guilty of assault with intent to rape in the manner and form as charged in the information".

Defendant attacks the verdict, sentence, and sufficiency of the information, contending the verdict and sentence are beyond the information, being for assault with intent to commit rape, whereas the information makes no such charge.

▊ The contention must be sustained. The information charged defendant with attempted assault and attempted rape, alleged to be contrary to a statute, Sec. 559.190, RSMo 1969, V.A.M.S., which does not deal with either one. Defendant was convicted by the jury under an instruction submitting assault with intent to rape and was sentenced by the court accordingly. But attempted rape (Sec. 556.150, RSMo 1969) and assault with intent to rape (Sec. 559.190, RSMo 1969) are not the same, State v. Jenkins (Mo.Sup.) 411 S.W.2d 441, 443; Fox v. State, 3 Wkly.Law.Bull. 1147, 34 Ohio State 377; State v. Hetzel, 159 Ohio St. 350, 112 N.E.2d 369; Brown

v. State, 7 Tex.App. 569; Burton v. State, 8 Ala.App. 295, 62 So. 394; State v. Hyams, 64 Utah 285, 230 P. 349; State v. Smith, 90 Utah 482, 62 P.2d 1110; State v. Gager, 45 Haw. 478, 370 P.2d 739, nor are they the same as attempted assault. Defendant was not charged with assault with intent to rape. The mention of Sec. 559.190 in the information—"contrary to the form of the Statute 559.190"—does not change the situation, because the statute on which an information is founded must be determined from the facts alleged in a case of this sort, and here the charge made does not fit the statute cited. The statutory reference was surplusage, Bullington v. State (Mo.Sup.) 459 S.W.2d 334, 342; United States v. Hutcheson, 312 U.S. 219, 229, 61 S.Ct. 463, 85 L.Ed. 788; United States v. McKnight (C.C.A.2) 253 F.2d 817, 820.

"* * * It is elementary law * * * that one cannot be charged with one offense and convicted of another * * *", State ex rel. Kennedy v. Remmers, 340 Mo. 126, 101 S.W.2d 70, 75. "* * * the State must prove the crime charged. It cannot charge him with one crime and sustain a conviction by proving another." State v. Temple (Mo.App.) 262 S.W.2d 304, 305. Various reasons come to mind why. As one illustration, in the case before us, if we were to affirm the conviction, what use would the present information be to defendant in bar of a subsequent charge of assault with intent to rape on the same date, place, and victim?

Defendant was not convicted of the offense with which he was charged, nor was the offense of which he was convicted an inferior degree or lesser included offense of the one charged, and the cause must therefore be reversed and remanded for a new trial, or for the filing of a new or amended information if the state is so advised.

All of the Judges concur.