**STATE of Missouri, Respondent,**

v.

**Audell C. SCOTT, Appellant.**

**No. WD 33515.**

Missouri Court of Appeals,
Western District.

March 29, 1983.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Joseph Colagiovanni, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

PRITCHARD, Presiding Judge.

By the verdict of a jury, appellant was found guilty of forcible rape (§ 566.030.1, RSMo Supp.1980), and punishment was assessed by it at seven years imprisonment, which was accordingly imposed by the court.

The sole issue is whether the trial court should have included in the verdict-directing instruction this paragraph of MAI–CR 2d 20.02.1: "Fourth, that the defendant did not believe that [*name of victim*] consented to the intercourse, as submitted in Instruction No. _____", and whether the court should have given an instruction under MAI–CR 2d 2.37.1.2 on appellant's mistake of fact (consent) defense, with a cross reference to it in the verdict-directing instruction. The inclusion of paragraph Fourth with the appropriate reference to MAI–CR 2d 2.37.1.2, and the giving of that instruction is required if there is evidence to support the defense. Rule 28.02(a).

Although the victim testified to facts from which the jury could determine that appellant had used force, and caused her to submit because she was fearful of her life, appellant testified to this version: The victim was stopped by him at 33rd and Troost, asked for directions to the juvenile court center, and asked him to ride with her there. She said she was fleeing from three men who were at a party with her in the area, and she wanted to talk with a Willie Lee about them. Appellant agreed to direct her, she unlocked the car door, and he got in and gave her directions. When they got to the juvenile court, she went to a nearby home she thought was Lee's, and then agreed to take appellant part way back, but narrowly missed a car in a flooded intersection and drove into the curb. Appellant got out and inspected the car for damage and found none. The victim "went to pieces" and began crying and talking about her personal problems. They talked for 30 minutes, during which she drank some of appellant's gin and smoked marijuana. She then took off her pantyhose and underpants, put them under the seat, and urinated in the street. The two got into the back seat and talked, and appellant suggested having sexual intercourse. She suggested that he call her in the morning so they could arrange to have it then. She then changed her mind, pulled up her dress, and agreed to have sexual intercourse if he would not call her tomorrow. Appellant testified further: "Q. Did you attempt to have sexual intercourse with her in the back seat? A. Yes, right. Q. Did she consent to that? A. Yes, she did." When the police arrived and took appellant into custody as he waited for the victim to come out of a filling station where he had dropped her off to use the restroom, this took place: "I told him [police officer] the same thing I told you just about. That I had taken her where she wanted to go and that we had sex, sort of, I mean. It wasn't no—well, we had sex but it wasn't a forci-

ble sex or wasn't no rape. I didn't rape her."

The trial court gave as a reason for refusing the instructions, or to give the paragraph Fourth, supra, that the forcible rape statute did not make a specific intent a part thereof, and that a mistaken belief has nothing to do with the elements of rape. It is true that § 566.030 omits as an element a specific intent, but § 562.021.2 provides, "Except as provided in section 562.026 [which relates to infractions] if the definition of an offense does not expressly prescribe a culpable mental state, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly or recklessly, but criminal negligence is not sufficient."

The Notes on Use to MAI–CR 2d 20.02.1 state: "4. If a separate instruction is given on a mistake of fact defense, such as a belief that the defendant had the victim's consent, the Fourth paragraph of MAI–CR 20.02.1 must be included. See MAI–CR 2d 2.37.1.2. The cross-reference will be to the separate instruction on that special negative defense. See Note 2 under MAI–CR 2.04."

In *State v. Foster,* 631 S.W.2d 672 (Mo. App.1982), a forcible rape case, although a paragraph of the verdict-directing instruction submitted the prosecutrix's consent as a defense, it was held to be prejudicial, reversible error for it to omit a reference to MAI–CR 2.37.2, saying at page 675, "Like its predecessors, Rule 28.02(a) provides 'the court must instruct the jury on all questions of law necessary for its guidance in returning a verdict.' It has been held under this rule that an instruction that purports to cover the whole case but ignores a defense supported by the evidence is erroneous and constitutes reversible error. (Citing cases.)" The Foster court also held that the crime of rape could be committed recklessly, as against defendant's contention that the instruction should have submitted his lack of "knowledge" of consent. See also *State v. Gullett,* 606 S.W.2d 796, 803 (Mo.App.1980).

Respondent contends that these instruction omissions were but harmless error. The Foster case ruled that it was prejudicial error to omit the reference to MAI–CR 2d 2.37.1(2). Here, by appellant's testimony, there was evidence to support his defense that there was consent to the sexual intercourse, but no instructions were given on that defense, which is clearly reversible error.

The judgment is reversed and the case is remanded for new trial.

All concur.