**Clyde Junior WILLIAMS,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 13681.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 28, 1985.

William J. Stewart, Bolivar, for movant-appellant.

John D. Ashcroft, Atty. Gen., John Oldenburg, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Movant, Clyde Junior Williams, appeals from the denial by the trial court, after an evidentiary hearing, of his Rule 27.26 [1] motion to vacate two twenty-five year sentences imposed after his pleas of guilty to two counts of selling controlled substances.

Williams contends the denial of his motion was prejudicial error because he was not competent to enter the guilty pleas since at the time, he was a) under the influence of drugs, or b) was suffering from an abstinence syndrome (withdrawal from drugs) to such an extent that he could not make a knowing and intelligent waiver of his right to a trial on the merits.

At the evidentiary hearing, Williams testified that he was addicted to drugs, and that for several days prior to pleading guilty to the two drug related charges, he had been "shooting up" with several different morphine type drugs, but that he had been jailed the day before the court appearance, which caused severe withdrawal symptoms, making it impossible for him to understand what was going on in court, and that he did not know that he had pled guilty to two felony charges for which he had received two twenty-five year sentences. Williams' story was corroborated, to some extent, by friends and relatives, including his mother-in-law and his wife.

On the other side of the coin, there was evidence that Williams, a chronic abuser of drugs, who had "5 or 6" prior felony convictions, was the focus of a police investigation which could have resulted in the filing of several more felony drug charges against him, in addition to the two already pending. Williams knew of the investigation, and felt that he would be found guilty on the additional charges, if filed. In an effort to dispose of all of the charges, both pending and unfiled, Williams contacted Springfield, Missouri police officer Rodney Burk, who had been an undercover officer in the narcotic division, and who was known to Williams, to see what could be worked out on a plea bargain arrangement.

Burk contacted the prosecuting attorney. After negotiations, the prosecutor agreed to recommend twenty-five year sentences on the two pending charges to run concurrently, and to not file any other felony charges. Williams decided to accept the plea bargain agreement. Williams asked Burk to put him in jail, so there would be no question as to whether he was under the influence of drugs when he entered his pleas the following day. Burk obliged, and notified Williams' attorney as to what was going on. Williams spent the night in jail, and was taken to court the next day where he was met by his attorney.

The attorney told Williams that he thought twenty-five years was too much, and tried to talk him out of the plea. Williams refused. The pleas were then entered before the same trial judge who later conducted the 27.26 motion hearing. In the opinion of his attorney, Williams' mind was clear and lucid when he entered his guilty pleas. Before the pleas were entered, the trial court questioned Williams extensively regarding whether he was under the influence of drugs at that time. The following are excerpts from the transcript of the plea proceedings regarding that interrogation:

"THE COURT: Do you consider yourself mentally o.k. at this time?

MR. WILLIAMS: Yes, sir.

THE COURT: Are you under the influence of any drugs at this time?

MR. WILLIAMS: No, sir.

THE COURT: Or alcohol?

MR. WILLIAMS: No, sir.

THE COURT: Do you consider yourself mentally normal at this time?

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

MR. WILLIAMS: Yes, sir.

THE COURT: Do you understand what these proceedings are?

MR. WILLIAMS: Yes, sir.

THE COURT: They're so-called plea proceedings in which you would be asking the court to accept your plea of guilty in each case?

MR. WILLIAMS: Yes, sir.

THE COURT: Okay. You've been able to cooperate with your counsel in the sense that you've been able to understand and able to convey your thoughts to him and he's been able to talk to you in a way that you understood?

(Discussion off the record between the defendant and his attorneys.)

MR. WILLIAMS: Yes, sir.

THE COURT: You've been able to cooperate with your attorney?

MR. WILLIAMS: Yes, sir.

THE COURT: Do you understand the nature of these proceedings?

MR. WILLIAMS: Yes, sir.

THE COURT: Have you discussed with your attorney today your mental ability to proceed?

MR. WILLIAMS: No, sir. Have I discussed it?

MR. GAITHER: Yes, we discussed entering the plea of not guilty by reason of mental disease or defect before. Not today, but we have in my office on prior occasions.

THE COURT: I mean on his ability to proceed, not the plea, not as far as pleas of mental disease goes, but I do want to get into that because it was one of the pleas, at least in the Division Four case, and also the Division Three case. Now, he's wanting to withdraw both pleas in each case, is that right?

MR. GAITHER: That's correct.

THE COURT: And enter a plea of guilty in each case?

MR. GAITHER: Yes, sir.

THE COURT: Mr. Williams, is that what you want to do?

MR. WILLIAMS: Yes, sir.

. . . .

THE COURT: Your willingness to plead guilty in each of these two cases results from the discussions you and your counsel and the prosecutor have had?

MR. WILLIAMS: Yes, sir.

THE COURT: Okay.

MR. GAITHER: Not entirely. I'm not entirely willing for my client to accept this plea agreement, he's making this choice on his own, it's his right to plead guilty. He feels it would be best for him to do so. I agree that under the circumstances it may well be.

THE COURT: Mr. Williams, you understand the decision is up to you on how to plead at this time?

MR. WILLIAMS: Yes, sir.

. . . .

THE COURT: Mr. Williams, are you telling the court you're guilty on each of these charges?

MR. WILLIAMS: (Nodded head affirmatively.)

THE COURT: You'll have to answer out loud for the record.

MR. WILLIAMS: Yes, sir.

THE COURT: Do you want the Court to allow you to withdraw your pleas of guilty and not guilty by reason of mental defect in each of these cases?

MR. WILLIAMS: yes, sir.

THE COURT: Are you telling the Court you're doing this voluntarily?

MR. WILLIAMS: Yes, sir.

. . . .

THE COURT: The Court has granted allocution in each case. The Court adopts and agrees to the plea arrangements. Before pronouncing sentence in either case, Mr. Williams, I'll ask you again, do you understand the nature of these proceedings?

MR. WILLIAMS: Yes, sir.

THE COURT: Has your attorney told you to answer in any way that was not true?

MR. WILLIAMS: No.

THE COURT: Are you ready for sentencing?

MR. WILLIAMS: (Nodded head affirmatively.)

THE COURT: Okay. You're nodding your head yes, is that right?

MR. WILLIAMS: Yes, sir."

The motion court's judgment denying relief was supported by a seventeen page memorandum detailing findings of fact and conclusions of law. In it, the motion court concluded that Williams had failed to prove any of the allegations of his 27.26 motion by the preponderance of the evidence. The court further concluded that even if Williams had taken drugs the day before he entered the guilty pleas that fact had not impaired his ability to understand, reason, and cooperate with his attorney to such an extent as to make his pleas involuntary.

Our review of the entire record convinces us that the findings, conclusions, and judgment of the trial court are not clearly erroneous. This being so, the judgment of the trial court is affirmed. Rule 27.26(j); *King v. State*, 639 S.W.2d 396, 397 (Mo.App. 1982).

TITUS, P.J., and FLANIGAN, J., concur.