STATE of Missouri, Respondent,

v.

Amin BADAKHSAN, Appellant.

No. 50337.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 7, 1986.

Application to Transfer Denied
Jan. 13, 1987.

Norman London, John C. Pleban, London, Greenberg and Pleban, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

Defendant was charged with four counts of forcible rape. Section 566.030.1 RSMo. Cum.Supp.1984. The authorized punishment for this subsection is life or a term of not less than five years. The charged crimes are class "B" felonies. See, MAI–CR 20.02, notes on use No. 3. Defendant appeals conviction of all four counts of the class "A" felony of forcible rape aggravated by subjecting the prosecuting witness to sexual intercourse with more than one person. Section 566.030.2 RSMo.Cum. Supp.1984. Defendant was tried jointly with a co-defendant. A third defendant became ill during trial and was severed from the case. All three were indicted separately and joined on motion of the State. The jury fixed punishment at ten years on each count and defendant was sentenced accordingly. Because of the nature of the charges the sentences must be served consecutively. Section 558.026.1 RSMo.Cum.Supp.1984; *Adams v. State*, 688 S.W.2d 401, 402 (Mo.App.1985).

We agree with defendant's claim of error that the convictions were for crimes not charged. The error is jurisdictional. We are required to reverse and remand for a new trial. *State v. Nolan*, 418 S.W.2d 51, 54–55 (Mo.1967). The sentences are void judgments. "[D]ue process requires that a defendant may not be convicted of an offense not charged in the information or indictment." *State v. Smith*, 592 S.W.2d 165, 168 (Mo. banc 1979); *State v. Billingsley*, 465 S.W.2d 569, 570 (Mo.1970).

Section 566.030 RSMo.1978 was amended in 1980. Under the 1978 version rape was described as a class "B" felony unless elevated to a class "A" felony by alleging either the occurrence of serious physical injury or use of a deadly weapon. The 1980 amendment readopts serious physical injury or deadly weapon and adds, ".. or subjects the victim to [intercourse] with more than one person ..". Prior to the

amendment the state could charge and describe rape as a class "B" felony, punishable under § 558.011.1(2) RSMo.1978 (amended in 1982) or a class "A" felony punishable under § 558.011.1(1) RSMo. 1978. Prior to the 1980 amendment the state was also required to plead serious physical injury or display of a deadly weapon in a threatening manner to allege class "A" rape. MACH–CR 20.02 (January 1, 1979). The additional allegations elevated the crime to a class "A" felony. MACH–CR 20.02, Notes on Use No. 3. No amendment to MACH–CR 20.02 has been ordered by the Supreme Court since the 1980 amendment to § 566.030.

In the present case, the charges on all counts were as follows:

"The Grand Jurors of the County of St. Louis, State of Missouri, charge that the defendant in violation of Section 566.030, RSMo. ACTING WITH OTHERS, COMMITTED FELONY FORCIBLE RAPE, PUNISHABLE UPON CONVICTION UNDER SECTION 566.030, RSMo, IN THAT ON OR ABOUT WEDNESDAY, FEBRUARY 22, 1984, BETWEEN 1:30 A.M. AND 2:00 A.M. AT 8833 WRENWOOD, BRENTWOOD, IN THE COUNTY OF ST. LOUIS, STATE OF MISSOURI, THE DEFENDANT HAD SEXUAL INTERCOURSE WITH [COMPLAINANT], TO WHOM DEFENDANT WAS NOT MARRIED, WITHOUT THE CONSENT OF [COMPLAINANT] BY THE USE OF FORCIBLE COMPULSION."

This indictment does not allege under which class of felony defendant is charged. It does not allege the aggravating circumstance of multiple men. It is not possible to determine that the range of punishment is a minimum of ten years as provided for class "A" aggravated rape. The only punishment mentioned in § 566.030 is for rape under subsection 1 which is not aggravated. The punishment for rape under subsection 2 is found in § 558.011.1(1) RSMo. Cum.Supp.1984.

To be sufficient, an indictment must contain all the essential elements of the offense as set out in the statute to clearly apprise the defendant of the facts constituting his offense. *State v. Gilmore*, 650 S.W.2d 627, 628 (Mo.1983). If these elements of the offense are missing from the indictment, they cannot be supplied by intendment or implication. *Id.* Finally, jury instructions must be based on the specifics of the crime as set forth in the indictment. *State v. Church*, 636 S.W.2d 703, 705 (Mo. App.1982). Thus, when a crime may be committed by any of several methods, the information must charge one or more of those methods and the methods submitted in the verdict directing instructions must be among those alleged in the indictment, *State v. Shepard*, 442 S.W.2d 58, 60 (Mo. banc 1969). In order to submit a class "A" felony to the jury it must be pleaded as a class "A" felony. The state may not convict of a crime not charged. *State v. Billingsley*, 465 S.W.2d 569, 570 (Mo.1971); *State v. Bolden*, 494 S.W.2d 61, 65 (Mo. 1973); and *State v. White*, 431 S.W.2d 182, 186 (Mo.1968).

The state argues that the indictment is sufficient because it alleges "acting with others". This view is flawed in that the class "B" felony of rape may also be charged on that basis. The phrase "acting with others" merely notifies the defendant that he is or may be criminally liable for acts of another because of his participation. It does not address the additional element required to elevate the crime to a higher class.

The state also contends that the finding of aggravation relates only to punishment and does not indicate two different crimes. This argument fails for two reasons. First, the crime of rape is not the same as aggravated rape. They are of different class with different punishments and we determine sufficiency of charge on the basis of whether defendant was sufficiently notified of what crime is charged. Second, even if the state were correct that the additional element under § 566.030.2 RSMo Cum.Supp.1984 goes only to punishment, it still must be alleged. Both matters of aggravation, *State v. Nolan*, 418 S.W.2d 51, 54–55 (Mo.1967) [use of deadly weapon in

first degree robbery], and matters that enhance sentence, § 558.021(1) RSMo.Cum. Supp.1984, must be pleaded. In the present case the distinction between rape and aggravated rape includes a different penalty. The failure to allege the aggravating element of rape by more than one man is fatal and the trial court was without power or jurisdiction to impose sentence for aggravated rape, a class "A" felony, based on a guilty verdict for that crime. *Nolan*, 418 S.W.2d at 55. The issue is not subject to waiver. *State v. Couch*, 523 S.W.2d 612, 614 (Mo.App.1975).

■ Under the circumstances we are compelled to hold that the variance between the crime charged and the crime found requires a new trial. They are separate crimes with separate punishments. *State v. White*, 431 S.W.2d at 186 (Mo. 1968).

We address some of defendant's remaining points which are likely to arise upon retrial and have some merit. We need not rule on these issues.

In his second point defendant argues that if the class "A" rape based on "multiple men" is charged then three of four counts should be dismissed because they constitute multiple punishments for the same act thus placing defendant in double jeopardy of prosecution for the same offense. In essence, defendant argues that the legislature intended that those who subject another to "sexual intercourse with more than one person" shall be held to have committed but one criminal offense, regardless of how many others also take part and commit acts of rape. No authority has been cited and we find none deciding this issue. We look to the cardinal rule of statutory construction which requires us to ascertain the true intention of the legislature, giving reasonable interpretation in light of legislative objective. *Collins v. Director of Revenue*, 691 S.W.2d 246, 251 (Mo. banc 1985).

■ The element of multiple men added to § 566.030 by amendment in 1980 was apparently intended to punish gang rape situations. Under the circumstances of this case, where four separate acts occurred and each perpetrator was one of three men, the state would clearly be permitted to charge each of the three defendants with four counts of forcible rape, class "B". This is so because each defendant allegedly had intercourse with complainant, with whom they were not then married, without her consent and by use of forcible compulsion.

■ We also decide that the state may choose to charge each defendant with four counts of class "A" rape in that each defendant acted with his co-defendants in subjecting the complainant four times to sexual intercourse with more than one person. This includes the original episode of intercourse because it was part of contemporaneous events. Missouri follows the "several offense" rule whereby a defendant can be convicted of several offenses arising from the same set of facts without subjecting him to double jeopardy. *State v. Childs*, 684 S.W.2d 508, 511 (Mo.App. 1984). Generally rape is not a continuing offense, but each act of intercourse constitutes a distinct and separate offense. *State v. Dennis*, 537 S.W.2d 652, 654 (Mo. App.1976). Where the events are all contemporaneous and the first crime was committed under circumstances such that a jury could find that intercourse by a second man was part of a common purpose or intent, then the first defendant shall be punished as surely as the last. We reject an argument that the first act of rape, where multiple acts involving multiple men occur, could only be a class "B" rape. Just as "it cannot be held that a man who has raped a woman may again assault and ravish her with impunity," *Dennis*, 537 S.W.2d at 654, neither may many men gain that advantage so as to excuse the first actor from punishment for aggravated rape.

■ In his third point defendant asserts that the trial court committed plain error in using the term "serious physical injury" in the verdict directing instructions but not defining serious physical injury as required by MAI 20.02.1, Note 3. The omitted defi-

nition was required because the definitional instruction of "forcible compulsion" contains the term "serious physical injury" under MAI–CR 33.01. The state admits that the trial court erred in failing to define this term. We assume that the error will not be repeated on retrial.

■ Defendant argues as a fourth claim of error that the trial court failed to instruct the jury on a mistake of fact defense concerning consent of the prosecuting witness. The defendant and the co-defendant, during their joint trial, did not deny acts of intercourse but relied upon their testimony that they believed there was consent for their conduct. In addition to their testimony there was evidence that the prosecuting witness became friendly with the three defendants at a local discotheque; she danced with them, drank with them, voluntarily left with them and went to their apartment. Defendants also testified that she stayed in the car at the area of the apartment hugging and kissing with one of the men for five or ten minutes before going upstairs. Once inside the apartment she accepted a glass of wine. They played music and danced. The complaining witness possessed a small quantity of marijuana which she shared with those present. The defense was a belief that the acts of intercourse were with consent. The defendant so testified and was entitled to an instruction on his defense. *State v. Scott*, 649 S.W.2d 559, 561 (Mo.App.1983). The instruction should have been given whether requested or not. In order to comply with criminal rule 28.02(a) the appropriate 2.00 series MAI–CR instruction was required when supported by the evidence. Under these circumstances it was error not to give the defense instruction. *State v. Tate*, 436 S.W.2d 716, 718 (Mo.1969). Should the evidence on retrial warrant submission the proper instruction should be given.

Defendant also claims error in granting the state's motion for joinder of separate indictments against defendant, and the two other men charged who were involved and separately indicted. Joinder is permitted under § 545.880 RSMo.Cum.Supp.1984. In the present case the trial began against defendant and two co-defendants, one of whom became ill on the second day of trial and was severed upon motion. Accordingly, defendant and one other were tried and convicted in the same trial and one defendant was not tried. On retrial the court may be asked to consider re-joinder or severance.

■ The state's motion for joinder under § 545.880 RSMo Cum.Supp.1984 alleged, *inter alia*, that the three defendants were separately charged but that the charges involved the same series or acts; that all three defendants were subject to jury assessment of punishment; that the three defendants were represented by the same counsel; *that all material and substantial evidence is admissible against all defendants.* The motion also alleged, "there exists no *out-of-court statement of a defendant making reference to another defendant that is not admissible against that other defendant that cannot be properly limited to the declarant defendant*" (our emphasis). During the trial defendant was cross-examined on conflicts between his statement and that of other defendants and now this defendant argues the possibility of prejudice. The constitutionality of § 545.880 RSMo Cum.Supp.1984 is presently before our Supreme Court in *State v. Pizzella* (Mo.App.1986) Supreme Court No. 50158. Because the parties in the trial court will have the benefit of the transcript in the first trial and because one of the defendants has been severed for other reasons, the trial court can, if requested, again consider the question whether there is material and substantial evidence admissible against less than all of the joint defendants and whether re-joinder or severance, if requested, is necessary to achieve a fair determination of guilt or innocence for any defendant.

Defendant also claims error in the verdict directing instructions on each count in that: a) they failed to ascribe all of the elements of the offense to the specific person actually having intercourse, instead using disjunctive language pertaining to all

defendants as simultaneous participants; b) they do not require juror unanimity; c) they include the defendant who was severed; d) they failed to postulate that all defendants were not married to complainant; e) the instructions on aiding and abetting were not supported by the evidence; and f) the instructions on whether defendant subjected complainant to sexual intercourse with more than one person were not supported by the evidence.

■ Some of these subpoints were not raised at trial or in the motion for new trial. A careful reading of the verdict directing instructions did not require the jury to find that the prosecuting witness was not married to any one defendant. They only required a finding that she was not married to this defendant. The defendant with whom this defendant was tried was found, on verdict directing instructions relating to his charges, not to be married to the prosecuting witness. The same may not be said about the defendant who was severed. Accordingly, this jury was not required to find and did not find that the severed defendant was not married to the prosecuting witness. Because none of the four counts were particularized to any one act of intercourse it is not possible to determine which, if any, of the charges are unsupported by a finding of the jury that the severed defendant was not married to the prosecuting witness. This is true although the prosecuting witness testified that she was not married to any of the three men and there was no evidence that she was. That question remains for the jury to find under proper instructions. Here also we assume the ambiguity will be cured on retrial along with the other claims made here but not in the trial court.

Defendant also correctly alleges error in the failure of the trial court to read aloud instruction No. 5, following MAI 2.72, immediately prior to MAI 2.80. This complaint is also subject to correction on retrial.

■ Finally, defendant argues the trial court erred in denying a judgment for acquittal in that the evidence was insufficient to prove the defendant subjected complainant to sexual intercourse with more than one person. Although we do not set forth her testimony in detail, we find that the testimony of the prosecuting witness was sufficient to make a submissible case. Reversed and remanded.

All concur.