**James William WESCOTT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 38363.**

Missouri Court of Appeals, Western District.

April 21, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 2, 1987.

Application to Transfer Denied July 14, 1987.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, C.J., and TURNAGE and NUGENT, JJ.

NUGENT, Judge.

Movant James William Wescott (hereinafter "defendant") claims that the hearing court clearly erred in denying his Rule 27.26 motion to vacate his conviction and sentence for forcible rape, § 566.030.[1] He argues that his guilty plea was not voluntarily, knowingly and willingly made, but instead was entered involuntarily due to ineffective assistance of counsel. In his second point, defendant argues that his conviction is a nullity because the trial court had no jurisdiction to accept this guilty plea as the information was not sufficient to charge the class A felony of aggravated rape.

We affirm the order of the hearing court and also deny defendant's second point, which was presented to the hearing court in a proposed amendment to the Rule 27.26 motion but was not addressed in that court's findings of fact and conclusions of law.[2]

Defendant was charged with forcible rape on June 18, 1983. The court appointed the Cole County Public Defender office to the case. Mr. Howard McFadden first represented the defendant by requesting a mental examination[3] and by attending to the preliminary phase of the case. After the preliminary hearing, Mr. Julian Ossman, a part-time public defender, began representing the defendant.

Between November 1, 1983, and March 1, 1984, the public defender's office filed four motions for reduction of bond. The court ordered a bond reduction investigation, and, consistent with the recommendation of investigators, the court denied all motions to reduce bond.

On March 1, 1984, the defendant filed a motion requesting that the court replace Mr. Ossman because of a conflict of interest between attorney and client. Essentially, defendant alleged that Mr. Ossman had no experience in defending someone accused of a sex crime, had refused to serve motions the defendant deemed vital to the case, and generally disagreed "on motions and means to defend client." The court denied the motion without a hearing.

1. Unless otherwise indicated, all sectional references are to Revised Statutes of Missouri, 1986.

2. Jurisdictional questions may be raised at any time. *Brown v. State*, 452 S.W.2d 176, 179 (Mo. 1970). *See also State v. Davis*, 510 S.W.2d 790, 792 (Mo.App.1974) (sufficiency of the information may be raised for the first time on appeal).

3. The mental examination revealed no mental disease or defect within the meaning of Ch. 552, R.S.Mo.1978, as amended.

The next day, defendant filed a pro se motion for continuance requesting additional time to investigate a new witness, to discuss the case with his attorney and to contact professional witnesses. The motion for continuance alleged no conflict of interest between the defendant and his attorney. The court denied the motion.

On March 6, 1984, just after counsel had completed voir dire examination in preparation for the next day's trial, the defendant pled guilty to forcible rape on the condition that the prosecutor would recommend a sentence of twenty-five years' imprisonment to run concurrently with any other sentences defendant might have and the condition that he would file no additional sex charges against the defendant.

Before accepting the defendant's guilty plea, the trial court advised him of his rights and questioned him extensively on the voluntariness of his plea. The testimony established that the defendant was twenty-eight years old, had several college credits, and had experience with the criminal justice system in several earlier prosecutions. When the court asked whether the defendant had discussed the matter as much as he cared to with his court-appointed counsel, defendant replied, "Yes, Your Honor." Later, the court asked the defendant whether anyone had pressured him "in the way of threats of any kind, direct or indirect," to coerce him to enter the guilty plea. Defendant replied, "No, Your Honor." At the defendant's request, the court then ordered a presentence investigation.

On May 12, 1984, the defendant wrote a letter to the trial judge expressing dissatisfaction with Mr. Ossman and requesting appointment of a new attorney so that he could withdraw his guilty plea. On June 12, 1984, the defendant filed a document requesting postponement of sentencing because his lawyer did not want to help him.

At the sentencing hearing on June 26, 1984, the defendant complained of the representation he had received from both Mr. McFadden and Mr. Ossman. According to the defendant, neither attorney had answered his letters or telephone calls, nor had they discussed the case with him. In addition, defendant said that Mr. Ossman had failed to investigate and subpoena various witnesses, failed to depose the prosecuting witness, and had threatened to withdraw from the case. The defendant pointed out that he had filed his conflict of interest motion in an attempt to have Mr. Ossman withdrawn from the case and to retain a private attorney. The defendant stated that he was scared into pleading guilty because, in essence, he did not believe that counsel had taken any measures to prepare his defense. On December 12, 1984, the defendant filed the Rule 27.26 motion at issue here.

Additional evidence adduced at the hearing on defendant's Rule 27.26 motion can be summarized as follows: Defendant's mother testified that she had called Mr. McFadden numerous times, that he never returned her calls, and that he refused to talk to the defendant. Defendant said that he gave the public defender's investigator a list of witnesses to subpoena, but that the investigator failed to give that list to Mr. Ossman. Defendant stated that the investigator had given Mr. Ossman the name and address of another man for whom the prosecuting witness had caused "trouble", but the man was not subpoenaed.

Defendant admitted having sexual relations with the prosecuting witness but claimed that the intercourse was voluntary. Defendant had requested that Mr. Ossman depose the prosecuting witness as well as the doctors, nurses, and police officers involved in the case to preserve testimony that the victim stated she knew the defendant, jumped into his truck, and drank whiskey and smoked marijuana with him. Defendant claims that in response Mr. Ossman said that he was the lawyer and would handle the case as he wished and that defendant would plead guilty.

Defendant requested that Mr. Ossman subpoena his parents, sister, and girl friend to testify to his appearance at the time of the rape to attack the credibility of the prosecuting witness. He further requested that his psychologist be subpoenaed to testify that just before the alleged rape de-

fendant had started a new medication that in combination with the alcohol and marijuana could have caused him to black out and not know what he was doing. According to the defendant, Mr. Ossman refused to issue the subpoenaes and threatened to withdraw.

After reciting his efforts to have Mr. Ossman replaced, defendant claimed that he decided to plead guilty because he believed that Mr. Ossman was not prepared for trial and would not fight for him. He also claimed that a detective threatened to charge him with several unsolved crimes if he did not admit to the alleged rape and that the prosecuting attorney threatened him with a life sentence if he did not plead guilty. Defendant claims that when the trial judge asked him whether he had been threatened or pressured into entering the guilty plea, Mr. Ossman told him to lie by saying, "No."

Mr. Ossman testified that he had practiced criminal law since 1971 and had tried more than 250 criminal cases. He believed that the defendant decided to plead guilty because he saw another woman sitting in the courtroom who might bring charges against him. According to Mr. Ossman, the defendant was not pressured into pleading guilty and he did not advise the defendant to lie when the court questioned him. In Mr. Ossman's view, the defendant's plea of guilty was voluntarily made with full knowledge and understanding of its legal effect.

Mr. Ossman stated that he was prepared to go to trial and that his investigator may have talked to the victim and perhaps others who were near the scene when the rape allegedly occurred. However, he did not remember whether he had ever talked to any potential witnesses or whether any witnesses had been subpoenaed. He did not recall that the defendant asked him to take the deposition of the prosecuting witness. Mr. Ossman could not remember discussing possible theories of defense with the defendant, nor did he remember arguing with the defendant about conducting the defense. Likewise, Mr. Ossman did not recall that defendant asked him to withdraw from

the case or that defendant had filed his conflict of interest motion.

On January 22, 1986, the hearing court denied defendant's request for post-conviction relief under Rule 27.26. Significant among the court's findings of fact are the following: a factual basis existed for the trial court's finding that defendant's guilty plea was knowingly, voluntarily and willingly entered; defendant was not coerced into pleading guilty by his defense counsel nor was he advised to lie to the court concerning the voluntariness of his plea; defendant was granted effective assistance of counsel and was able to consult with counsel on various occasions; defendant's testimony was "woefully lacking in credibility and is rejected"; defendant's counsel adequately investigated the cause; the testimony of defendant's counselors that he suffered a blackout during the incident is disputed by the mental examination and defendant's detailed statement, and, therefore, the failure to subpoena the counselors had no effect on defendant's decision to plead guilty; and the failure to subpoena friends and relatives to testify about defendant's physical appearance had no effect on defendant's decision to plead guilty because defendant's appearance at the time of the incident could have been proven by jail records.

The court's order contained conclusions of law to the effect that the defendant failed to show that defense counsel was so ineffective as to render his plea of guilty involuntary; that the defendant failed to prove how the investigation of the case had any effect on the voluntariness of his plea; and that the defendant's guilty plea was voluntarily, knowingly and willingly entered.

In his second point, the defendant attacks the sufficiency of the information to charge the class A felony of aggravated rape. The information reads in pertinent part:

The Prosecuting Attorney of the County of Cole, State of Missouri, charges that the defendant, James William Wescott, in violation of Section 566.030, RSMo, committed the class A felony of

rape, punishable upon conviction under Section 566.030.2, RSMo, in that on or about June 18, 1983, in the County of Cole, State of Missouri, the defendant had sexual intercourse with [complainant], to whom defendant was not married, without the consent of [complainant] by the use of forcible compulsion.

Defendant is a prior offender under Section 558.016 in that he had pleaded guilty to or has been found guilty of a felony as follows:

1. On or about July 27, 1977, defendant pleaded guilty to the felony of felonious assault with intent to commit burglary in the Circuit Court of Clay County, Missouri.

### I.

Limiting our review to a determination of whether the hearing court's findings, conclusions and judgments are clearly erroneous, Rule 27.26(j), we deny defendant's claim that his guilty plea was involuntarily entered because of ineffective assistance of counsel.

Where a plea of guilty has been entered, the adequacy of representation is immaterial unless counsel was so incompetent that the plea was not entered voluntarily and with understanding of the nature of the charge. *Rice v. State*, 585 S.W.2d 488, 493 (Mo.1979) (en banc).[4]

Defendant argues that he was forced to plead guilty because he believed that counsel had inadequately prepared for trial. In essence, he claims that trial counsel failed to depose and subpoena certain witnesses and failed to advise him of possible defenses.

According to *Rice, supra*, cited by the hearing court in its conclusions of law, "[t]he claim that an attorney's investigation of a case is inadequate must allege what specific information the attorney failed to discover, that reasonable investigation would have disclosed that information, and that the information would have aided or improved appellant's position."

*See also Hogshooter v. State*, 681 S.W.2d 20, 21–22 (Mo.App.1984).

■ After reviewing the evidence, we cannot say that the hearing court clearly erred in finding that defendant's counsel adequately investigated the case under the circumstances and in finding that the defendant failed to prove how the investigation had any effect on the voluntariness of the guilty plea. *Stanley v. State*, 629 S.W.2d 403, 404 (Mo.App.1982). Moreover, the record before us supports the hearing court's conclusion that defendant's guilty plea was the product of a lucid mind and was voluntarily, knowingly and willingly entered. *Williams v. State*, 685 S.W.2d 576, 579 (Mo.App.1985).

### II.

The defendant relies upon *State v. Badakhsan*, 721 S.W.2d 18 (Mo.App.1986), to support his claim that because of the insufficiency of the information, the court had no jurisdiction to accept his guilty plea, making his conviction a nullity. He argues that because the words "class A felony" appear in the information, the state intended to charge him with the crime of aggravated rape rather than the crime of forcible rape but failed to allege the aggravating element as required by *Badakhsan*.

In *Badakhsan*, the Eastern District of this court held that the variance between the crime charged, forcible rape, and the crime found, the class A felony of forcible rape aggravated by subjecting the victim to sexual intercourse with more than one person, required that defendant be granted a new trial on due process grounds. The error was jurisdictional, making the sentences void judgments. *Id.* at 20, citing *State v. Smith*, 592 S.W.2d 165, 166 (Mo. 1979) (en banc); *State v. Billingsley*, 465 S.W.2d 569, 570 (Mo.1971) (due process requires that a defendant may not be convicted of an offense not charged in the information or indictment.)

Section 566.030 construed in *Badakhsan* (at 19–21) was in effect in its present form

---

4. Accordingly, we need not examine defendant's alternative claim that the trial court should have ordered a hearing on defendant's motion alleging his irreconcilable conflict with appointed counsel.

when defendant Wescott was charged.[5] It provides as follows:

Rape.—1. A person commits the crime of forcible rape if he has sexual intercourse with another person to whom he is not married, without that person's consent by the use of forcible compulsion.

2. Forcible rape or an attempt to commit forcible rape as described in subsection 1 of this section is a felony for which the authorized term of imprisonment, including both prison and conditional terms, is life imprisonment or a term of years not less than five years, unless in the course thereof the actor inflicts serious physical injury on any person, displays a deadly weapon or dangerous instrument in a threatening manner or subjects the victim to sexual intercourse or deviate sexual intercourse with more than one person, in which cases forcible rape or an attempt to commit forcible rape is a class A felony.

3. A person commits the crime of rape if he has sexual intercourse with another person to whom he is not married who is less than fourteen years old.

4. Rape as described in subsection 3 of this section is a class B felony unless in the course thereof the actor inflicts serious physical injury on any person or displays a deadly weapon or dangerous instrument in a threatening manner, in which cases rape is a class A felony.

The *Badakhsan* court found forcible rape, as defined in § 566.030.1, and aggravated rape, defined in § 566.030.2 as forcible rape elevated to a class A felony when any of the enumerated aggravating circumstances exist, to be two different crimes. Therefore, to charge the crime of aggravated rape, the information or indictment must allege at least one of the additional aggravating factors. *Id.* at 20.

The state argued in *Badakhsan* that the finding of aggravation relates only to punishment and does not indicate two different crimes. The court held, however, that the crimes were of a different class with different punishments and that the sufficiency of the charge depends upon whether the defendant was adequately notified of the crime charged. The court went on to say that the additional element must be alleged, even assuming that it bears only upon punishment. "Both matters of aggravation, *State v. Nolan,* 418 S.W.2d 51, 54–55 (Mo.1967) [use of deadly weapon in first degree robbery], and matters that enhance sentence, § 558.021(1) RSMo. Cum. Supp.1984, must be pleaded." *Id.* at 20–21.

The indictment charged that defendant Badakhsan, "acting with others, committed felony forcible rape, punishable upon conviction under section 566.030." The court held that the language "acting with others" did not suffice to allege the statutory aggravating element of subjecting the victim to sexual intercourse with more than one person. It found that the language "acting with others" merely served to notify the defendant that he may be criminally liable for acts of another because of his participation and that the class B felony of rape may also be charged on that basis.[6] *Id.* at 20. Finding that defendant Badakhsan had been convicted of a crime not charged, the court ordered a new trial.

---

5. Section 566.030, R.S.Mo.1978, was amended in 1980. The amended statute appears in R.S.Mo. Cum.Supp.1982, R.S.Mo. Cum.Supp.1984, and the newly issued R.S.Mo.1986.

6. The *Badakhsan* court refers to forcible rape, § 566.030.1, as a class B felony. While rape in the absence of aggravating factors was defined as a class B felony under § 566.030.2 RSMo. 1978, forcible rape under the amended statute appears to be an unclassed felony that contains its own non-Code sentencing provisions. *See* § 557.021, governing the classification of offenses outside the Missouri Criminal Code.

The punishment for forcible rape in the absence of aggravating circumstances authorized by the amended statute is "life imprisonment or a term of years not less than five years." § 566.030.2. For purposes of applying the extended term provisions of § 558.016, the persistent or dangerous offender statute, forcible rape is considered a class A felony under § 557.021.- 3(1)(a). However, if the extended term provisions of the persistent or dangerous offender statute do not apply, the felony is not classified. *See* The New Missouri Criminal Code: A Manual for Court Related Personnel, § 2.4, construing § 557.021 (prepared by the University of Missouri-Columbia School of Law, Office of Continuing Legal Education, et al. 1978).

Defendant Wescott's reliance on *Badakhsan* is misplaced. Although the information is not sufficient to charge the class A felony of aggravated rape, it does sufficiently allege the crime of forcible rape—the crime to which defendant pled guilty. Despite the fact that the words "class A felony" appeared on the information, the crime with which defendant was charged and the crime to which he pled guilty were the same.[7] In *Badakhsan*, that was not the case. There, the jury found the defendant guilty of a crime not charged.

Moreover, in the present case, the defendant was not prejudiced in terms of the sentence he received. The twenty-five year sentence was within the range of punishment authorized for forcible rape. § 566.-030.2. Forcible rape is considered a class A felony for purposes of applying the extended term provisions of the persistent or dangerous offender statute. *See* n. 6, *supra.* The information alleged that defendant was a prior offender, and the words "Class A felony" may have appeared on the information for that reason.

Under the circumstances, the language "class A felony" may be disregarded as surplusage having no bearing on defendant's decision to enter his guilty plea or the court's jurisdiction to accept it. *See State v. Goff,* 490 S.W.2d 88, 90 (Mo.1973); *State v. Stringer,* 357 Mo. 978, 211 S.W.2d 925, 929 (1948). Moreover, the defendant's rights were not prejudiced in any way.

For the foregoing reasons, we affirm the denial of defendant's Rule 27.26 motion.

All concur.

---

7. The transcript of Mr. Wescott's guilty plea paraphrases the information in alleging the elements of forcible rape as set forth in § 566.030.-1:

    Court: All right. Let me run over this charge, Mr. Wescott, and if there is anything in this charge that is not true, let me know. It is charged in this information that on or about June 18, 1983, here in Cole County, Missouri that you had sexual intercourse with one [complainant], a person to whom you were not married, and that that was without the consent of [complainant], and it was by the use of forcible compulsion. Is there anything in that Information which is not true, sir? Defendant: No, Your Honor.