Bliss WEEKS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 42147.

Missouri Court of Appeals,
Western District.

March 13, 1990.

Bliss Weeks, Jefferson City, pro se.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, C.J., and SHANGLER and FENNER, JJ.

PER CURIAM.

Bliss Weeks's conviction of forcible rape and his sentence of life imprisonment were affirmed in *State v. Weeks*, 694 S.W.2d 781 (Mo.App.1985). Appellant instituted this appeal after denial of his Rule 27.26 [1] motion for post-conviction relief without an evidentiary hearing. He now challenges the refusal of relief on his claim of lack of jurisdiction.

Although appellant alleged numerous grounds for relief below, he assigns only one error here. Arguing lack of jurisdiction, appellant maintains that a fatal variance existed between the amended information charging him with forcible rape and his ultimate conviction. According to appellant, the information charged him with forcible rape, but he was convicted of aggravated forcible rape.

Subsection 1 of § 566.030, RSMo 1986, defines forcible rape, while subsection 2 specifies two punishments. Under § 566.030.2, forcible rape is a felony for which the authorized punishment is life imprisonment or a term of imprisonment not less than five years, unless the defendant engaged in an enumerated aggravating act, in which case forcible rape is a class A felony. Section 558.011.1(1), RSMo 1986, sets imprisonment for a class A felony at life or a term of ten to thirty years. Section 566.030.2, therefore, establishes two separate crimes: forcible rape, an unclassified felony because subsection 2 provides its own punishment; and aggravated forcible rape, a class A felony. *Wescott v. State*, 731 S.W.2d 326, 331 (Mo.App.1987). Essential to a conviction of aggravated forcible rape is the pleading of an aggravating act in the information. *See, Id.*

Appellant analogizes his claim of error with that in *State v. Badakhsan*, 721 S.W.2d 18 (Mo.App.1986). The indictment charging Badakhsan failed to allege the class of the felony charged and any aggravating acts, yet Badakhsan was convicted of multiple counts of class A aggravated forcible rape and sentenced to ten years' imprisonment on each count. *Id.* at 20. Finding the variance between the indictment and the convictions to be fatal, the Eastern District reversed Badakhsan's convictions. *Id.* at 21. In support of his own

---

1. Although now repealed, Rule 27.26 governs this case because appellant filed his motion be- fore 1988. Rule 29.15(m).

case, appellant emphasizes that the information charging him, like that in *Badakhsan*, contained no reference to the class of the felony charged and lacked any recital of aggravating circumstances. Appellant insists that he was nevertheless convicted of aggravated forcible rape because the formal judgment states that he had been found guilty of "Forcible Rape, a class 'A' felony".

The court's judgment must follow the jury's verdict, regardless of technical errors. *Brager v. State*, 625 S.W.2d 892, 895 (Mo.App.1981). The particular offense for which a defendant is convicted is shown by the record with reference to the charge in the body of the information, the jury instructions, the wording of the verdict, and any statements made by the court at sentencing. *See, Id.*

In spite of the language in the formal judgment, our review of the underlying criminal record reveals no jurisdictional defect. The information was sufficient to charge appellant with forcible rape, the unclassified felony carrying an authorized punishment of life imprisonment. The information first charged appellant with forcible rape in violation of § 566.030 punishable upon conviction under § 566.030; it then alleged that appellant had engaged in sexual intercourse with a victim to whom he was not married, without her consent by use of forcible compulsion. Patterned on MAI–CR2d 20.02.1, the verdict director instructed the jury on the three elements of forcible rape: non-marriage to the victim, sexual intercourse, and forcible compulsion. The instruction further advised the jury to fix punishment after a finding of guilt at a term of not less than five years and not more than life imprisonment. The information, the verdict director submitted to the jury, and the verdict form returned by the jury contained no reference to the aggravating acts enumerated in § 566.030.2. *See,* MAI–CR2d 20.02.1, Notes on Use 5. Although appellant's sentencing hearing was apparently not transcribed, the record amply demonstrates that appellant was properly charged with and convicted of the unaggravated form of forcible rape, and was properly sentenced to life imprisonment.

The reference in the judgment to appellant's being convicted of "a class 'A' felony" appears to be a clerical error. The state argues that the designation is correct because § 557.021.3(1)(a), RSMo 1986, defines a class A felony as one whose authorized penalty includes life imprisonment. However, under § 557.021.3, forcible rape is a class A felony only for the purpose of applying extended imprisonment provisions. *Wescott*, 731 S.W.2d at 331 n. 6. Where that purpose is inapplicable, as here, forcible rape is an unclassified felony. *Id.* Contrary to the language in the judgment, appellant was convicted of forcible rape, an unclassified felony. We, therefore, hold that appellant is entitled to correction of the judgment. *State v. Daniel*, 767 S.W.2d 592, 594 (Mo.App.1989); *State v. Williams*, 728 S.W.2d 690, 692 (Mo.App.1987).

We find the denial of post-conviction relief not clearly erroneous and accordingly affirm, but remand the cause for the limited purpose of correcting the judgment in CR82–3051 by eliminating the words "class 'A' ".