Arthur L. BURGIN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 46067.

Missouri Court of Appeals, Western District.

Dec. 15, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 22, 1992.

Application to Transfer Denied March 23, 1993.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and ULRICH and SMART, JJ.

PER CURIAM:

Arthur Burgin appeals the denial of his postconviction Rule 29.15 motion. He contends that the motion court failed to make sufficient findings of fact and conclusions of law and that it erred in declaring his amended motion untimely filed.

The judgment of the motion court is affirmed, but the cause is remanded for the limited purpose of correcting the trial court's judgment of conviction and sentence.

Mr. Burgin was convicted of one count of rape (§ 566.030, RSMo 1978). He was sentenced as a persistent sexual offender to thirty years imprisonment without probation or parole. His conviction and sentence were affirmed on direct appeal. *State v. Burgin*, 654 S.W.2d 627 (Mo.App.1983).

On January 5, 1988, Mr. Burgin filed his *pro se* Rule 29.15 motion for postconviction relief. Mr. Burgin's *pro se* motion included the allegation that his trial counsel was ineffective for failing to investigate or subpoena witnesses who could have established a defense of consent. On June 10, 1988, the motion court appointed the Office of the Special Public Defender to represent Mr. Burgin. On July 13, 1988, Mr. Burgin requested an extension of time to file an amended Rule 29.15 motion. The court granted the motion, giving Mr. Burgin until August 9, 1988, to file the amended motion.

On July 14, 1988, the Office of the Special Public Defender filed a motion to withdraw due to a conflict of interest. On August 2, 1988, the Public Defender for the Sixth Judicial Circuit entered appearance as Mr. Burgin's counsel of record. On August 5, 1988, Mr. Burgin's new postconviction counsel requested an additional extension of time to file an amended Rule

29.15 motion. The court then extended the filing deadline to September 23, 1988.

On September 23, 1988, Mr. Burgin's postconviction counsel filed an amended Rule 29.15 motion and requested an evidentiary hearing. At the hearing, Mr. Burgin presented substantial evidence on only one of his claims for relief: namely, that his trial counsel had failed to investigate or subpoena witnesses who could have provided the defense of consent.

On February 14, 1992, the motion court issued an order denying Mr. Burgin's *pro se* and amended Rule 29.15 motions. In its order, the motion court issued findings of fact and conclusions of law which addressed the allegations raised in Mr. Burgin's *pro se* motion, including his claim that his trial counsel failed to investigate or subpoena witnesses to present his defense of consent. However, the motion court did not issue findings and conclusions on the allegations raised in Mr. Burgin's amended motion. In its order, the motion court ruled that, because the amended motion was filed more than sixty days after counsel was originally appointed to represent Mr. Burgin, the amended motion was untimely filed pursuant to Rule 29.15(f).

In his sole point on appeal, Mr. Burgin claims that the motion court erred when it declared his amended motion untimely filed and declined to review the claims raised in his amended motion because his amended motion was untimely filed. Mr. Burgin argues that he should not be penalized because a filing deadline was missed as a result of his case being transferred from one public defender to another.

■ Mr. Burgin suggests that, pursuant to *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991), this case should be remanded to the motion court for consideration of the points raised in the amended motion or for further inquiry into the untimely filing. However, a case need not be remanded for reconsideration pursuant to *Sanders* if the movant was not prejudiced by his lawyer's failure to timely file the amended motion. *Pollard v. State*, 807 S.W.2d 498, 502 (Mo. banc), *cert. denied,* —— U.S. ——, 112 S.Ct. 383, 116 L.Ed.2d 334 (1991).

The principle expressed in *Pollard* is applicable. Mr. Burgin was not prejudiced by the untimely filing of his amended motion because the allegations contained in the amended motion fail to merit relief as a matter of law.

The first allegation in Mr. Burgin's amended motion involves a discrepancy between the amended information and his arraignment. The original information in this case charged Mr. Burgin with the "class A" felony of rape, and Mr. Burgin was subsequently arraigned on the "class A" felony of rape. Then, after the arraignment, the State filed an amended information which charged Mr. Burgin with the ungraded felony of forcible rape and which added the allegation that Mr. Burgin was a persistent sexual offender. In his amended Rule 29.15 motion, Mr. Burgin claims that the trial court was without jurisdiction to impose a sentence upon him because the amended information charged an offense that was different from the offense cited in the arraignment.

■ However, an amended information which does not charge the defendant with a separate or different offense is not objectionable simply because the defendant was arraigned on the original information and not the amended information. *State v. Hill,* 396 S.W.2d 563, 565–66 (Mo.1965). An amended information does not charge the defendant with a different offense where, as here, the amendment merely reduces the crime charged from a "class A" felony to an ungraded felony and no new element is stated in the charge. *See McKown v. State,* 682 S.W.2d 38, 40 (Mo. App.1984) (an amended information does not charge the defendant with a different offense if the subsequent charge is a lesser included offense of the initial charge). Similarly, a prior offender provision which merely enhances punishment—such as the "persistent sexual offender" allegation in the amended information in this case—does not constitute a different offense. *State v. Goree,* 633 S.W.2d 758, 759 (Mo.App.1982). Because the amended information did not charge Mr. Burgin with a different offense, his arraignment on the original information

and not the amended information is not objectionable.

■ Mr. Burgin claims as his second allegation that because of an inconsistency between the trial court's judgment and a jury instruction, his case should be remanded for resentencing. Mr. Burgin claims the trial court's judgment which stated that he committed the "class A" felony of rape is inconsistent with the amended information and jury instructions charging him with the ungraded felony of rape.

In *Weeks v. State*, 785 S.W.2d 331 (Mo. App.1990), the post-conviction movant complained of the same inconsistency between the information, jury instructions, and judgment. This court held that, under such circumstances, the judgment's reference to a "class A" felony was merely a clerical error, and the movant was convicted of the unclassified felony of forcible rape. *Id.* at 333. *Weeks* held that the trial court can correct this clerical error by striking the reference to a "class A" felony from the judgment by a nunc pro tunc order without the necessity of resentencing. *Id.; State v. Clay*, 812 S.W.2d 872, 873 (Mo.App.1991). The corrective procedure applies here, particularly since the thirty-year sentence awarded by the trial court was consistent with the trial court's finding that Mr. Burgin was a persistent sexual offender.

■ Mr. Burgin's third allegation in his amended motion claims that the State failed to disclose the actual photographs shown to the victim in this case. However, Mr. Burgin's claim that the State failed to disclose evidence is an allegation of trial error which is outside the scope of a Rule 29.15 motion. *State v. White*, 790 S.W.2d 467, 474–75 (Mo.App.1990).

The fourth allegation in Mr. Burgin's amended motion charges that his trial counsel failed to meet the professional standard required by law as his defense counsel because he offered no testimony in support of Mr. Burgin's defense of consent. However, this claim was raised in Mr. Burgin's original *pro se* motion and was the only claim supported by testimony at Mr. Burgin's evidentiary hearing. Therefore, such an allegation does not merit remand to the motion court. *See Carr v. State*, 819 S.W.2d 84, 87 (Mo.App.1991).

Thus, Mr. Burgin was not prejudiced by the untimely filing of his amended motion because all of the allegations contained in the amended motion fail to merit relief as a matter of law. Therefore, remand for reconsideration pursuant to *Sanders* is not appropriate.

Mr. Burgin asks that the cause be remanded to the motion court for findings of fact and conclusions of law pertaining to the allegations raised in his amended motion. However, as those allegations are resolved as a matter of law, to remand for findings and conclusions is unnecessary. *State v. Williams*, 784 S.W.2d 276, 280 (Mo.App.1989).

■ Mr. Burgin also suggests that the amended motion was not untimely filed because it was filed within sixty days from the appointment of the second assistant public defender in this case. The maximum time allowed to file an amended motion under Rule 29.15 is sixty days from the date counsel is appointed. *Foster v. State*, 809 S.W.2d 863, 864 (Mo.App.1991). Time periods begin with the appointment of the public defender's office, not when an individual attorney is designated by the public defender. *State v. Leisure*, 810 S.W.2d 560, 575 (Mo.App.1991). An exception to the rigid sixty-day filing requirement has been permitted, however, when the case record shows a failure of counsel to act in behalf of movant. *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991); *Foster v. State*, at 865. This issue need not be considered because the allegations contained in the amended motion fail to merit relief as a matter of law.

Accordingly, the motion court's denial of post-conviction relief is affirmed, but the cause is remanded for the limited purpose of correcting by nunc pro tunc order the trial court's judgment of conviction and sentence by eliminating references in the judgment of conviction and sentence to a "class A" felony.