**James EARHART, Movant/Appellant,**

v.

**STATE of Missouri,
Respondent/Respondent.**

No. 68294.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 27, 1996.

John M. Schilmoeller, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Breck K. Burgess, Assistant Attorney General, Jefferson City, for respondent.

Before REINHARD, P.J., and KAROHL and GRIMM, JJ.

PER CURIAM.

Defendant pled guilty to two counts of rape and two counts of sodomy, §§ 566.030 and 566.060, RSMo Cum.Supp.1993. Pursuant to a plea bargain, the trial court sentenced defendant as a prior offender to twenty five years imprisonment for each count. The sentences on Counts I and III are to run concurrent to each other, and the sentences on Counts II and IV are to run concurrent to each other. In addition, the sentences on Counts II and IV are to run consecutive to the sentences on Counts I and III, for a total of fifty years.

Defendant filed a Rule 24.035 motion. Thereafter, the motion court entered judgment denying the motion without a hearing. We affirm.

The State charged defendant by information with two counts of rape and two counts of sodomy. In the rape counts, the information alleged that defendant, "in violation of Section 566.030, RSMo, committed the class A felony of rape."

Pursuant to § 566.030, RSMo Cum.Supp. 1993, rape is an unclassified felony unless a statutory aggravating circumstance is present. The information in this case did not allege any aggravating circumstance and defendant did not admit to any in his guilty plea. Therefore, on appeal, defendant alleges the motion court erred in denying his Rule 24.035 motion because he "was improperly charged with and sentenced for class A felony rape."

However, defendant has failed to demonstrate any prejudice from the inclusion of the words "class A felony" in the information. He admitted to the elements of unclassified rape, and the trial court sentenced him within the statutory limits of unclassified rape. *See*, *Wescott v. State*, 731 S.W.2d 326, 332 (Mo.App.W.D.1987).

The motion court's judgment is based on findings of fact that are not clearly erroneous. No error of law appears.

However, the "Class A felony" designation should be removed from the underlying sentence and judgment. The motion court's judgment is affirmed in part and remanded to the trial court with instructions to delete "Class A" from the sentence and judgment.